# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made this ____ day of _____ 2021, by and between Plaintiff Min Woong Lee ("Plaintiff" or "Mr. Lee") and Defendants Bayside Farm Market Inc., Francis Lee Corp., Tae Hong Lee, and Lee, Joonchul (collectively, "Defendants").  Plaintiff and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

6/2/2021

## RECITALS

WHEREAS, on June 30, 2020, the named Plaintiff filed an Complaint in the United States District Court for the Eastern District of New York (the "Action" or "Lawsuit"), such case being styled *Min Woong Lee v. Bayside Farm Market Inc., et al*., pursuant to the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York state breach of contract claim.

WHEREAS, Plaintiff has agreed to settle this claims contained in the Action;

WHEREAS, no Court has considered or determined the claims presented in the Action;

WHEREAS, Defendants deny Plaintiff's allegations in their entirety and neither admit nor concede any wrongdoing, liability, or damages with respect to Plaintiff's allegations and claims raised in the Action;

WHEREAS, the Parties desire to resolve and settle all of their respective claims  against the other that were or could have been raised in the Lawsuit without further litigation or adjudication; and

NOW, THERFORE, in consideration of the foregoing and in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Parties agree as follows:

1.      **Consideration**.  Plaintiff and Defendants are entering into this Agreement in exchange for good and valuable consideration.  Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in this paragraph.  In consideration for Mr. Lee signing this Agreement, Defendants agree to make the following payments totaling Thirty Thousand Dollars and Zero Cents ($30,000.00):

a.              Five payments to "Min Woong Lee" each in the amount of One Thousand Nine Hundred Thirty-One Dollars and Seventy Cents ($1,931.70), totaling $9,658.50, less applicable taxes and withholdings to be reported on an IRS Form W-2.  The first of these five payments will be due within ten (10) days of the Court's Approval of the Settlement Agreement and the remaining four (4) payments will be due at 30-day intervals following the date the first of these five payments is due;

1

b.  Five payments to "Min Woong Lee" each in the amount of One Thousand Nine Hundred Thirty-One Dollars and Seventy Cents ($1,931.70), totaling $9,658.50, representing liquidated and other damages to be reported on an IRS Form 1099-MISC (Box 3).  The first of these five payments will be due within ten (10) days of the Court's Approval of the Settlement Agreement and the remaining four (4) payments will be due at 30-day intervals following the date the first of these five payments is due;

c.  Five payments to "Abdul Hassan Law Group, PLLC," each in the amount of Two Thousand One Hundred Thirty-Six Dollars and Sixty Cents ($2,136.60), totaling $10,683, representing a 1/3 contingency fee ($9,658) plus costs ($1,025) to be reported on an IRS Form 1099-MISC (Box 10).  The first of these five payments will be due within ten (10) days of the Court's Approval of the Settlement Agreement and the remaining four (4) payments will be due at 30-day intervals following the date the first of these five payments is due;

d.  In summary, the payments to Plaintiff hereunder total $19,317 and the payments to Plaintiff's counsel hereunder total $10,683 including $1,025 in costs.

e.  The payments above shall by a wire transfer to Abdul Hassan Law Group PLLC's attorney escrow account on behalf of Min Woong Lee to be distributed as set forth above. Wiring instructions shall be provided by Abdul Hassan Law Group, PLLC.

f.  Without limiting the terms of this Agreement, the Parties hereto agree and acknowledge that the settlement payments made hereunder are in full and final disposition and complete satisfaction of any and all claim against Defendants by Plaintiff, including, but not limited to, claims for attorneys' fees, disbursements and costs.  Plaintiff expressly directs Defendants to make the settlement payments, as detailed above, to his legal counsel, acknowledges that receipt of the settlement payments by his legal counsel constitutes receipt thereof by Plaintiff and agrees that the settlement payments constitute an accord and satisfaction.

g.  Plaintiff further agrees that, upon receipt of the payments stated above, Plaintiff will not file a subsequent lawsuit or claim against Defendants pertaining to all claims for minimum wages, overtime pay, spread of hours pay, gratuities, and breach of contract, and for Defendants' alleged failure to furnish wage notices and statements.  Plaintiff will be materially breaching this Agreement if he files a subsequent lawsuit or any other claim against Defendants stating that he has not been paid minimum wages, overtime pay, spread of hours pay, and/or gratuities, that Defendants breached contract(s), or that he was not furnished with wage notices and statements, for any work he performed for Defendants during the period encompassing his entire employment with Defendants.  It is the Parties' intention to settle any and all claims raised in the Action.

2

   h.   If there is a default in making the payments herein, Plaintiff or his counsel will give **Defendants** written notice of said default, by sending a notice of default by email to Defendants' attorney **Mr. Younghoon Ji, Esq. at <u>youngjiesq@gmail.com</u>.** Defendants will have ten (10) days from receipt of such notice to cure the default.  If Defendants do not cure the default within ten (10) days of the notice, Plaintiff and his counsel shall have the right to a judgment or supplemental judgment against Defendants **Bayside Farm Market Inc., Francis Lee Corp., Tae Hong Lee, and Lee Joonchul, individually and or jointly** in the amount of Forty-Five Thousand Dollars ($45,000), less any monies paid by Defendants at the time of default.  The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

   2.  **No Consideration Absent Execution of This Agreement**.  Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 1 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

   3.  **Release of Claims.** In consideration of the payment to Plaintiff by Defendants of the total gross sum of $30,000.00, Plaintiff, for himself, his heirs, executors, administrators, successors and assigns, and anyone who has or obtains any legal rights or claims through him, forever waives any wage and hour claims under the FLSA and NYLL, and any breach of contract claims, against Defendants, their parent(s), subsidiaries, affiliates, divisions, joint ventures and related entities and persons, their successors and assigns, and their past and present directors, officers, agents, attorneys, insurers or insurance carriers, owners, employees, and any fiduciaries of any employee benefit plan or policy of and from any and all claims that were brought under the FLSA and NYLL, state breach of contract doctrine or theory, and supporting New York law, rules, and regulations ("Released Claims").

  Defendants likewise knowingly and voluntarily waive, release, and discharge, jointly and severally, Plaintiff of and all claims they have or may have, known or unknown, against Plaintiff.

   4.  **Acknowledgments and Affirmations**.

   a.   Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation, or basis, and a claim for state law breach of contract, and affirms that there is a bona fide dispute as to all claims raised in the Action, and those claims are being settled and released by this Agreement.  Plaintiff believes that this settlement is fair and reasonable, and authorizes hisattorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

   b.   Plaintiff agrees to the dismissal of the Lawsuit with prejudice, subject only to Defendants' satisfaction of all their obligations under this Agreement.

   c.   The Parties intend for Plaintiff to waive the Released Claims, and therefore desire that this Agreement be approved by the Court in which the Lawsuit is pending.  Accordingly, the Parties agree that Plaintiff shall move for the Court's approval after

full execution of this Agreement.

5.  **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

6.  **Amendment**.  Except as provided in Paragraph 5 above, this Agreement may not be modified, altered or changed without the express written consent of both Parties wherein specific reference is made to this Agreement.

7.  **Resolution of Disputes**. The Parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Agreement and the settlement of this action.

8.  **Non-admission of Wrongdoing**.  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of any liability or unlawful conduct of any kind.  Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9.  **Entire Agreement**.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with hisdecision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

10.  **Section Headings**.  Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

11.  **Legal Fees**.  Except as provided for in this Agreement, each Party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

12.  **Joint Participation in Preparation of Agreement**.  The Parties participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement.  Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party.  This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

13.     **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Mr. Lee was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Mr. Lee is competent to execute this Agreement.

14.     **Counterparts**.  This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

15.     **Facsimile/Email**.   An executed facsimile or e-mail copy of this Agreement shall have the same force and effect as the original.

16.     **Authority to Execute Agreement**.  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they were acting within the scope of this authority.

THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.

PLAINTIFF ACKNOWLEDGES THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY PLAINTIFF, AND THAT HE CONSULTED WITH HIS LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT RELEASE.

THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**                                    **DEFENDANT:**

**MIN WOONG LEE**                          **BAYSIDE FARM MARKET INC.:**

By: _____          By: _____

Print Name ___Minwoong Lee___          Print Name ___Taehong Lee___

Date: ___6/2/2021___                        Title ___President___

                                                    Date: _____

5

DocuSign Envelope ID: AF938B31-888D-447E-BG67-5628DE90E170

**FRANCIS LEE CORP.:**

By: _Lee, joonchul_

Print Name _Joonchul Lee_

Title _Presidsident_

Date: _____

**TAE HONG LEE:**

By: _____

Print Name _Taehong Lee_

Date: _____

**LEE JOONCHUL:**

By: _Lee, joonchul_

Print Name _Joonchul Lee_

Date: _____

6